CASE 102—MANDAMUS BY T. P. SATTERWHITE AND OTHERS, AS COM-
MISSIONERS OF THE CENTRAL KENTUCKY ASYLUM FOR THE INSANE,
AGAINST J. G. FURNISH, SUPERINTENDENT OF SAID ASYLUM, TO
KEEP THE BUILDING AND FURNITURE INSURED.—FEB. 20.

# Furnish v. Satterwhite and Others.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS.   AFFIRMED.

ASYLUMS—INSURANCE—AUTHORITY TO MAKE—SUPERINTENDENT—CER-
TIFYING PREMIUMS TO AUDITOR.

Held:   1. Kentucky Statutes, section 224, provides that the boards
of commissioners of charitable institutions shall keep the
building and furniture insured, and the amount of the pre-
miums to be certified to the State auditor, who shall draw a
warrant, etc.   Section 230 provides that the steward of each
institution, by the direction of the superintendent, shall pur-
chase all needed supplies of every description.   Section 233 re-
quires the steward to make monthly reports to the superin-
tendent of his acts, the condition of the farms, and the stock,
etc., and in the statutory form for this report are contained
items representing certain fixed charges with which the stew-
ard has nothing to do, such as "insurance," "pay roll," etc.
HELD, that it was the duty of the board of commissioners to
contract for insurance for a State insane asylum, and for the su-.
perintendent to certify the amount of premiums to the State
auditor.

DALLAM & GORDON, ATTORNEYS FOR APPELLANT.

The contention in this case is whether it is the duty of the
board of commissioners of the asylum, or of the steward of the
institution to make contracts of insurance on the asylum build-
ing and furniture.

The appellant contends that it is the duty of the steward
and not the commissioners.

The contention of the appellant is based upon the following
propositions:

1. Upon the reading of all the sections of the statute perti-
nent to this question, and which confer the powers and dictate
the duties of the board of commissioners, it will be seen that
said board is in no case empowered or authorized to contract

directly, but on the other hand their powers are purely and solely advisory and supervisory.

2. It is the duty of the steward of the institution to purchase and procure all needed supplies for the institution of every description.

3. The item of insurance is one of the needed supplies of the institution.

4. If the board be allowed to purchase the insurance the provisions of section 233 of the statute would have to be absolutely ignored, and it is well settled that "effect must be given to every provision of a statute, except in cases of absolute and irreconcilable incongruity."

5. The intention of the Legislature to vest discretionary power in the steward in all matters of this kind is evidenced by the fact that he is required to give bond for the faithful performance of all his duties.    Kentucky Statutes, secs. 219, 223, 224, 225, 230 and 233; Dazey v. Kellam, 1 Duv., 403; Pendleton v. Pendleton, 6 Bush, 472; Bird v. Board Comrs., &c., 95 Ky., 198.

CARROLL & CARROLL, FOR APPELLEES.

Our contention is that the law in plain unambiguous language makes it the duty of the commissioners to insure the property and buildings of the institution of which they have the general care and management. Section 224, Kentucky Statutes, provides "That the board of commissioners shall keep the buildings and furniture constantly insured, and the amount of premiums on such insurance shall be certified to the auditor by the superintendent, and president of the board of commissioners, and thereupon the auditor shall draw his warrant for the amount upon the State treasurer payable to the superintendent."

The steward is merely the purchasing agent of the institution, charged with the duty of buying needed supplies, subject to the general supervision of the board of commissioners, such as food, clothing, medicine, and things of that sort, and has nothing to do with placing insurance on the property. Insurance is in no sense a "supply" of the institution, and can not be construed as coming under that head any more than purchasing land or building a house.

The whole case in a nutshell is this:    Under the terms of section 224, Kentucky Statutes, the commissioners are expressly authorized and directed to place this insurance; and by section 230, the steward is authorized to purchase needed supplies.    The two sections relate to entirely different matters and there is no conflict between them.

OPINION OF THE COURT BY JUDGE BARKER—AFFIRMING.

This action was instituted in the Jefferson circuit court, chancery branch, second division, by the appellees, who are the commissioners of Central Kentucky Asylum for the Insane, against the appellant, who is the superintendent of said institution, for the purpose of obtaining a writ of mandamus requiring him to join with the president of the board of commissioners of said institution in certifying to the Auditor of Public Accounts the amount of the premiums due on certain contracts of insurance effected by the board of commissioners upon the buildings and furniture of said institution. The appellees, who were plaintiffs below, in their petition state that in pursuance of section 224 of the Kentucky Statutes they have effected contracts of insurance upon the buildings and furniture of the institution of which they have charge, insuring them against loss by fire; that appellee T. P. Satterwhite, who is president of the board of commissioners of said institution, has certified to the Auditor of Public Accounts of the State of Kentucky the amount of the premiums due on such insurance, but the defendant J. G. Furnish, who is superintendent of said institution, has failed and refused to certify the amount of said premiums to the Auditor; and they further state that because of his failure to certify the amount of said premiums no warrant has been issued by the Auditor in payment of said premiums, and that the certification of the defendant is necessary to secure said warrant, and that, unless said certification is obtained, and said warrant issued, the policies of insurance on the buildings and furniture of said asylum will be canceled, and said property left unprotected from loss by fire. After the filing of this petition, the appellant filed a general demurrer to the same and, without waiving said demurrer, filed his answer, con-

sisting of three paragraphs. The answer of appellant admits that the commissioners had obtained the insurance on the buildings and furniture as set out in the petition, and that he has been requested to certify the amount of the premiums due for same, and has refused so to do. He denies, however, that it is his duty to certify the premiums on insurance effected by the board of commissioners, claiming that it is the duty of the steward of said institution, one Samuel Fulton, under the direction of the appellant, to effect said insurance, and pleads and relies upon the fact that it has been the custom at the said institution for the board of commissioners to authorize the steward to purchase insurance, as well as other supplies, and that on a former occasion, to-wit, the 12th day of January, 1901, the board of commissioners passed a resolution directing said Fulton, the steward of said institution, to purchase insurance of $50,000, which said Fulton did, and his action was afterward approved by the said board. The learned chancellor below overruled defendant's demurrer to the petition, sustained appellees' demurrer to all the paragraphs of appellant's answer, and awarded, as a final judgment on the pleadings, a writ of mandamus against the appellant as prayed for in the petition, directing and commanding him to certify to the Auditor of Public Accounts the amount of the premiums on the policies of insurance on the buildings and furniture of Central Kentucky Asylum for the Insane, which had been placed by the appellees, as commissioners of said institution.

A writ of mandamus, as defined by section 477 of the Civil Code, is an order of a court of competent and original jurisdiction, commanding an executive or ministerial officer to perform an act or omit to do an act the performance or omission of which is enjoined by law. The appellant is

a ministerial officer of the Commonwealth of Kentucky, having charge of one of its charitable institutions. The question of the correctness of the judgment rendered by the court below depends upon whether or not it was the duty of appellant to make the certification which he admits he has refused to perform. Section 224 of the Kentucky Statutes provides as follows: "The board of commissioners of each institution (charitable institutions) shall keep the buildings and furniture of the institution constantly insured, and the amount of the premiums on such insurance shall be certified to the Auditor by the superintendent, and president of the board of commissioners, and thereupon the Auditor shall draw his warrant for the amount upon the State treasury, payable to the superintendent." It is very difficult to understand how language could be more plain, than does this section, that it is the duty of the board of commissioners of the institution in question to keep the buildings and furniture of the institution insured, and that it is the duty of the appellant to make the certification therein required. Appellant, however, contends that the procurement of the insurance in question is governed by section 230 of the Kentucky Statutes, which is as follows: "The steward of each institution, by direction of the superintendent, shall purchase and furnish to the institution all needed supplies, of every description, and shall consult him as to the character, quantity and quality of all such supplies. They shall be bought where they can be bought cheapest, due regard being paid to quality as well as price. He shall not draw on the treasurer for money to pay for such supplies, in whole or in part, but shall cause itemized accounts of the same to be made, in the name of the sellers against the institution, setting forth separately the date of purchase and the name and price

of each article purchased, and shall present the accounts, endorsed by the superintendent, to the board of commissioners for allowance; and he shall carefully enter in a book kept for that purpose the number, dates and amounts of warrants issued by the president for the payment of the accounts for supplies purchased by him, and the name of the persons in whose favor they are made." It is seriously contended by appellant that the insurance provided for by section 224 comes under the head of supplies which the steward is required to purchase by the terms of section 230, and the construction thus contended for is thought to be aided by the fact that section 233 requires the steward to make monthly reports to the superintendent of his acts and doings, and the condition of the farms and gardens and the number and character and condition of the stock under his care and control, and that in the statutory form for this monthly report is contained the item, among other things, "insurance." An analysis of section 230 shows that all of the supplies mentioned therein to be purchased by the steward under the direction of the superintendent are such as are to be paid for after the accounts are allowed by the commissioners, out of the treasury of the institution; whereas the premiums for the insurance provided for by section 224 are to be paid by warrant of the auditor upon the State treasury. Nor does the fact that the printed form of the steward's monthly report contains the item "insurance" add any weight to appellant's argument. This report is intended to show the total monthly expenditures of the institution, and as the greater part of this monthly expenditure is made up of items which the steward is required to purchase, as a matter of convenient bookkeeping, it is also required to show certain fixed charges with which the steward has nothing to

Furnish v. Satterwhite and Others.

do. For instance, the first item on said form is the pay roll, showing the salaries of all the officers and wages of all the employes. It will not be contended that these salaries are supplies to be purchased by the steward, within the meaning of section 230, because with the salaries of the officers and assistants he has nothing whatever to do. They are regulated and provided for by section 240 of the Kentucky Statutes. And yet this item is required to appear in his monthly report, just as the item of insurance is required to appear there. We do not think, however, that it needs any further argument to demonstrate that the learned chancellor below was correct in all the orders and the judgments entered by him in this case.

We freely admit the principle of law so earnestly contended for by counsel for appellant that it is the duty of the court to give force and effect to every provision of a statute, except in cases of absolute and irreconcilable incongruity; and this plain and irreconcilable incongruity would clearly arise if this court should abrogate the plain letter of the law as contained in section 224 by giving the construction contended for by appellant to section 230— a construction not only clearly and unmistakably irreconcilable and incongruous to the plain letter of section 224, but equally irreconcilable and incongruous to the plain letter of section 230. By giving the construction contended for by appellees to the two sections in question, every word in each can be enforced without the slightest incongruity. The fact that the board of commissioners may have heretofore ordered the steward to effect the insurance on the buildings and furniture of their institution, and afterwards ratified his action in the premises, not only does not militate against the construction contended for by

appellees, but very plainly militates against the construction contended for by appellant. If it had been the duty of the steward to effect insurance under the superintendency of appellant, there would have been no need for any order or request upon the part of appellees for him to perform said duty; and the fact that he took orders from appellees as to his duty concerning the insurance in question at least tends to show that he did not consider it an independent duty on his part to effect the insurance.

As the judgment of the learned chancellor below is entirely in harmony with the views herein expressed, it is hereby affirmed